*In re* AJR

Docket No. 312100. Submitted March 5, 2013, at Grand Rapids. Decided
April 18, 2013, at 9:20 a.m. Leave to appeal sought.

Petitioner-mother and respondent-father had one child, AJR,
during their marriage. When they divorced, the divorce judg-
ment gave the mother sole physical custody of the child, with
both parents sharing joint legal custody. The mother subse-
quently remarried, and she and her new husband petitioned the
Kent Circuit Court, Family Division, for the termination of the
father's parental rights to allow the stepfather to adopt AJR.
The court, Kathleen A. Feeny, J., terminated the father's
parental rights under MCL 710.51(6) of the Adoption Code,
finding that he had substantially failed to provide support for
AJR for the two years preceding the filing of the petition and
had substantially failed to visit or communicate with AJR
during that two-year period. The father appealed.

The Court of Appeals *held*:

Because the father and the mother had joint legal custody
over the child, his parental rights were improperly terminated.
MCL 710.51(6) acts only to terminate the rights of those
parents who do not have legal custody and thus was not
applicable to him. The statute provides that if the parents of a
child are divorced, the parent having legal custody of the child
subsequently remarries, and that parent's new spouse petitions
to adopt the child, the court may terminate the parental rights
of the other parent if he or she, despite having the ability, failed
or neglected to provide regular and substantial support for the
child or failed to substantially comply with a support order for
two years or more before the filing of the petition and regularly
and substantially failed to visit, contact, or communicate with
the child during that period. Because the Legislature used the
phrase "the parent having legal custody" in the statute rather
than the phrase "a parent having legal custody," the statute
requires that the parent initiating termination proceedings be
the only parent having legal custody. The rights of a parent who
maintains joint legal custody are not properly terminated under
MCL 710.51(6). Thus, because the mother did not have sole

legal custody, the trial court erred when it terminated the father's rights under MCL 710.51(6) despite the fact that it found that both of the conditions in MCL 710.51(6)(a) and (b) regarding lack of support and communication were satisfied.

Reversed.

ADOPTION — TERMINATION OF PARENTAL RIGHTS — STEPPARENTS — PARENTS WITH JOINT CUSTODY.

MCL 710.51(6), the stepparent adoption statute, provides that if the parents of a child are divorced, the parent having legal custody of the child subsequently remarries, and that parent's new spouse petitions to adopt the child, the court may terminate the parental rights of the other parent if he or she, despite having the ability, failed or neglected to provide regular and substantial support for the child or failed to substantially comply with a support order for two years or more before the filing of the petition and regularly and substantially failed to visit, contact, or communicate with the child during that period; the statute requires that the parent initiating termination proceedings be the only parent having legal custody, and the rights of a parent who maintains joint legal custody are not properly terminated under MCL 710.51(6), even if the court finds that both of the conditions regarding lack of support and communication were satisfied.

*Kelly A. Sobanski* for petitioner-mother and petitioner-stepfather.

*Haas & Associates, PLLC* (by *Trish Oleksa Haas*) for respondent-father.

Before: WILDER, P.J., and METER and RIORDAN, JJ.

WILDER, P.J. Respondent appeals as of right an order that terminated his parental rights to the minor child, AJR, under the stepparent adoption statute, MCL 710.51(6). The order also allowed petitioner-stepfather, who is married to AJR's mother, to adopt AJR. Because respondent had joint legal custody over the child, MCL 710.51(6) did not apply, and we reverse.

I

Respondent and petitioner-mother were married and had one child, AJR, during their marriage. The two later divorced, and in the divorce judgment, the mother was given sole physical custody of the child, with both parents sharing joint legal custody. The divorce judgment also provided that respondent would be given reasonable visitation with AJR.

Years later, the mother married petitioner-stepfather. Approximately two years into their marriage, petitioner-stepfather and petitioner-mother filed a petition for the termination of respondent's parental rights to allow petitioner-stepfather to adopt AJR. They alleged that respondent had failed to comply with a child-support order and failed or neglected to visit, contact, and communicate with AJR during the previous two years.

After conducting a two-day evidentiary hearing on the matter, the trial court terminated respondent's parental rights under MCL 710.51(6), finding that (1) respondent had substantially failed to provide support for AJR for the two years preceding the filing of the petition and (2) respondent had substantially failed to visit or communicate with AJR during this two-year period.

II

This case involves issues of statutory interpretation, which are questions of law that we review de novo. *Douglas v Allstate Ins Co*, 492 Mich 241, 255-256; 821 NW2d 472 (2012). When interpreting a statute, our primary goal is to ascertain and to give effect to the intent of the Legislature. *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217; 801 NW2d 35 (2011). This task begins by examining the language of the statute itself because that language provides the

most reliable evidence of the Legislature's intent. *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 13; 795 NW2d 101 (2009). "If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). "We presume that every word of a statute has some meaning and must avoid any interpretation that would render any part of a statute surplusage or nugatory. As far as possible, effect should be given to every sentence, phrase, clause, and word." *Mich Farm Bureau v Dep't of Environmental Quality*, 292 Mich App 106, 132; 807 NW2d 866 (2011) (citation omitted). Additionally, this Court may not ignore the omission of a term from one section of a statute when that term is used in another section of the statute. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993).

III

Respondent argues that the statute under which his parental rights were terminated was not applicable to him. Specifically, respondent maintains that because he and the mother had joint legal custody over the child and the statute only acts to terminate the rights of those parents who do not have legal custody, his rights were improperly terminated. We agree.

Respondent did not raise this issue in the trial court, thus failing to preserve the issue for appellate review. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). However, "[t]his Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if

the issue involves a question of law and the facts necessary for its resolution have been presented." *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010). The issue presented here is strictly an issue of law—statutory interpretation—and all the requisite facts have been presented. Thus, in the interests of justice, we will review the issue.

The statute at issue is MCL 710.51(6), which allows for the termination of the rights of a noncustodial parent during a stepparent adoption. MCL 710.51(6) provides as follows:

> If the parents of a child are divorced, . . . and if the parent having *legal custody* of the child subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition.

> (b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition. [Emphasis added.]

Thus, in order to terminate parental rights under MCL 710.51(6), the trial court must determine that both subdivision (a) and subdivision (b) are satisfied, *In re Hill*, 221 Mich App 683, 692; 562 NW2d 254 (1997), as well as conclude that the conditions set out in the preceding paragraph have been satisfied. See *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 529; 672 NW2d 181 (2003) (noting that phrases starting with "if" are provisos that restrict the operative effect of statutory language).

We conclude and hold that the statute's language, "if *the* parent having legal custody of the child," is to be construed as requiring the parent initiating termination proceedings to be *the only parent* having legal custody. The rights of a parent who maintains joint legal custody are not properly terminated under MCL 710.51(6).

The Legislature's decision to use the phrase "*the* parent having legal custody," rather than the phrase "*a* parent having legal custody," is dispositive because, as our Supreme Court has explained, the terms "the" and "a" have different functions:

> "The" and "a" have different meanings. "The" is defined as "definite article. 1. (used, esp. before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an). . . ." *Random House Webster's College Dictionary*, p 1382. [*Massey v Mandell*, 462 Mich 375, 382 n 5; 614 NW2d 70 (2000).]

Indeed, if the Legislature wants to refer to something particular, not general, it uses the word "the," rather than "a" or "an." See *Johnson v Detroit Edison Co*, 288 Mich App 688, 699; 795 NW2d 161 (2010). Here, the Legislature's use in MCL 710.51(6) of "the" refers to *the particular* parent having legal custody. Necessarily, this requires the particular parent to have sole legal custody. As such, the Legislature's use of the word "the" rather than "a" controls the question before us.

Our interpretation is supported by *Paige v Sterling Hts*, 476 Mich 495; 720 NW2d 219 (2006), in which our Supreme Court interpreted the use of "the" in the phrase "the proximate cause" found in MCL 418.375(2).[1] The

---

[1] MCL 418.375(2) of the Worker's Disability Compensation Act, MCL 418.101 *et seq.*, states the following: "If the injury received by such employee was *the proximate cause* of his or her death . . . ." (Emphasis added.)

*Paige* Court held that "*the* proximate cause" refers to "the *sole* proximate cause." *Id.* at 510 (emphasis added). The *Paige* Court adopted the reasoning of the Court in *Robinson v Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000), which held that it was "clear that the phrase 'the proximate cause' contemplates *one* cause." *Paige*, 476 Mich at 508. Similarly, we conclude that the Legislature's use of "the parent having legal custody," with "the" being a definite article and "parent" being a singular noun, contemplates only *one* parent having legal custody.

Our interpretation of MCL 710.51(6) is further strengthened by the rules of statutory construction that every word and phrase in a statute is to be given effect, if possible, and that this Court should not ignore the omission of a term from one section of a statute when that term is used in another section of the statute. See *Farrington*, 442 Mich at 210. Notably, the preceding subsection in the statute, MCL 710.51(5), uses the phrase "*a* parent having legal custody" to refer to whom that particular subsection applies. Contrastingly, MCL 710.51(6) refers to "*the* parent having legal custody." We presume that the Legislature intended to use the more general phrase "*a* parent" to refer to either of the child's parents in MCL 710.51(5) and that the omission of a general article in MCL 710.51(6) was intentional. *Id.*; see also *Robinson v City of Lansing*, 486 Mich 1, 14 n 13; 782 NW2d 171 (2010), quoting MCL 8.3a (stating that reviewing courts "must follow these distinctions between 'a' and 'the' because the Legislature has directed that '[a]ll words and phrases shall be construed and understood according to the common and approved usage of the language' ").

It is undisputed that when respondent and AJR's mother divorced, the divorce judgment provided that

the mother was awarded physical custody of the child, but both parents would maintain joint legal custody. Thus, because the mother did not have sole legal custody, the trial court erred when it terminated respondent's rights under MCL 710.51(6), regardless of the fact that it found that both of the conditions in subdivisions (a) and (b) were satisfied. Because we are reversing on this ground, respondent's other arguments are moot, and we need not address them. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

Reversed.

METER and RIORDAN, JJ., concurred with WILDER, P.J.