No. 15-0098 – *State of West Virginia, ex rel. Airsquid Ventures Inc. (d/b/a Amphibious Medics), and Travis Pittman v. the Honorable David W. Hummel, Jr., Judge of the Circuit Court of Marshall County; Mita Sengupta, as Personal Representative of the Estate of Avishek Sengupta; Tough Mudder, LLC, Peacemaker National Training Center, LLC, General Mills, Inc., and General Mills Sales, Inc.*

No. 15-0102 – *State of West Virginia ex rel. Tough Mudder, LLC; Peacemaker National Training Center, LLC; General Mills, Inc.; and General Mills Sales, Inc. v. the Honorable David W. Hummel, Jr., Judge of the Circuit Court of Marshall County, and Mita Sengupta, as Personal Representative of the Estate of Avishek Sengupta*

**FILED**

September 24, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

Benjamin, Justice, concurring:

The issue in this case is simply one of interpretation. The contract clause at issue provides:

> Venue and Jurisdiction: I understand that if legal action is brought, *the appropriate* state or federal trial court for the state in which the [Tough Mudder] event is held has the sole and exclusive jurisdiction and that only the substantive laws of the State in which the [Tough Mudder] event is held shall apply.

(Emphasis added). The parties' dispute concerns the meaning of the words "the appropriate" and whether the Marshall County Circuit Court—the court in which the plaintiff filed her complaint—is "the appropriate" venue within the meaning of the forum selection clause.

In determining the applicability of the forum selection clause, the first step is to examine whether the clause is ambiguous. *Kohler Co. v. Wixen*, 555 N.W.2d 640, 644 (1996). "'A contract is ambiguous when it is *reasonably* susceptible to more than one

1

meaning in light of the surrounding circumstances and after applying the established rules of construction.'" *Fraternal Order of Police, Lodge No. 69 v. City of Fairmont*, 196 W. Va. 97, 101, 468 S.E.2d 712, 716 (1996) (quoting *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 65, 459 S.E.2d 329, 342 (1995)). "If language in a contract is found to be plain and unambiguous, such language should be applied according to such meaning." *Id.*

Here, the words in dispute are "the" and "appropriate." With regard to the operation of the definite article "the," the Court has said:

> The definite article "the" particularizes the subject which it precedes: "law-enforcement officer." In other words, the statute uses the word "the" to refer to a specific law-enforcement officer. *See, e.g., Clair v. Commonwealth*, No. 2011–SC–000774–MR, ——S.W.3d ——, ——, 2014 WL 4113014, at *17 (Ky.2014) ("The use of the definite article, the word 'the,' signals a specific thing."); *Yellowbird v. N.D. Dep't of Transp.*, 833 N.W.2d 536, 539 (N.D.2013) (" *'[T]he' is [a]n article which particularizes the subject spoken of. In construing [a] statute, definite article 'the' particularizes the subject which it precedes and is [a] word of limitation as opposed to indefinite or generalizing force [of] 'a' or 'an.'* " (Internal quotation and citation omitted.)); *New Iberia Firefighters Ass'n, Local 775 v. City of New Iberia*, 140 So.3d 788, 792–93 (La.Ct.App.2014) (" 'The' is a definite article, which refers to a specific person, place, or thing; whereas 'a' or 'an' are indefinite articles, which refer to people, places, or things in a general or nonspecific manner."); *In re AJR*, 300 Mich.App. 597, 834 N.W.2d 904, 907 (2013) ("[I]f the Legislature wants to refer to something particular, not general, it uses the word 'the,' rather than 'a' or 'an.' "); *cf. Maupin v. Sidiropolis*, 215 W.Va. 492, 497, 600 S.E.2d 204, 209 (2004) ("Typically, though, 'an' is construed as making general, rather than specific, references to its words of modification.").

*Dale v. Painter*, 234 W. Va. 343, 351, 765 S.E.2d 232, 240 (2014) (emphasis added). Plainly, the use of the word "the" in the clause limits the location in which the suit may be heard to *one* state court.

The word "appropriate" is defined as "especially suitable or compatible: FITTING," *Merriam-Webster's Collegiate Dictionary* 61 (11th ed. 2005), and "[s]pecifically fitted or suitable, proper," *1 The Oxford English Dictionary* 586 (2d ed. 1991). *Cf. Black's Law Dictionary* 1790 (10th ed. 2014) (defining "venue" as "[t]he proper or possible place for a lawsuit to proceed, usu. because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant.").

The plain meaning of the language in dispute, "the appropriate," when read in conjunction with the other language in the forum selection clause, permits the parties to file suit in the *one* state court that is *especially suitable, compatible, and fitting* to hear the case.

Both the majority of the Court and Justice Davis in her dissent conclude that the forum selection clause is ambiguous, and so they turn to different sections of our venue statute, W. Va. Code § 56-1-1 (2007), to interpret the clause. I do not believe that the section is ambiguous, and therefore, I do not believe the Court needs to look for direction from our venue statute.

The plain language of the forum selection clause, when applied to the facts presented in this case, establishes that the one proper state court that is especially suitable, compatible, and fitting is the Berkeley County Circuit Court. As the majority correctly recognizes, the agreement was executed in Berkeley County, the event in which the decedent participated took place in Berkeley County, the decedent's death occurred in Berkeley County, many of the witnesses reside in Berkeley County, and one of the defendants—Peacemaker National Training Center, LLC—has its principal place of business in Berkeley County. No other circuit court in this state, including the Marshall County Circuit Court, has such significant connections to the events giving rise to the suit or to the parties. Therefore, although I disagree with its reasoning in concluding that the Berkeley County Circuit Court is the proper venue in which to bring this case, I agree with the majority's conclusion that the requested writ of prohibition should be granted.