# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE W. WALRATH,

        Plaintiff-Appellant,

v

WITZENMANN USA LLC,

        Defendant-Appellee.

FOR PUBLICATION
June 8, 2017
9:20 a.m.

No. 331953
Oakland Circuit Court
LC No. 2015-148982-NO

Before: JANSEN, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals by right an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

Defendant is a Michigan limited liability company and has maintained a worker's compensation insurance policy since it began operations in 2000. In 2013 and 2014, defendant obtained its policy through Star Insurance (Star). Defendant's 2014 policy period began on January 1, 2014, providing coverage for a term of one year pending timely premium payments. Defendant missed the premium payment due on May 1, 2014, and on May 6, 2014, Star mailed defendant a notice of pending cancellation. Star did not receive a payment and canceled defendant's policy three weeks later, on May 29, 2014. On June 14, 2014, plaintiff was operating a "10-ton hydraulic burst tester," at one of defendant's facilities when the material being tested flew out of the tester and struck plaintiff in the face. Plaintiff suffered multiple fractures, sinus damage, brain injury, and post-traumatic stress disorder related to the incident. Defendant was made aware of Star's cancellation of the worker's compensation policy when defendant attempted to file a claim on plaintiff's behalf. On June 18, 2014, defendant wired a premium payment to Star and Star reinstated defendant's policy with "no lapse in coverage." Star then opened a claim for plaintiff's injury and plaintiff began receiving medical and wage-loss benefits pursuant to defendant's policy.

Plaintiff brought a one-count complaint in the circuit court against defendant for negligence. Plaintiff sought to hold defendant liable for all economic and noneconomic losses stemming from the injury because, on the date of the accident, "defendant did not have any workers' compensation insurance coverage, as required by MCL 418.611."

Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that because defendant had obtained reinstatement of the worker's compensation insurance policy, it had "secured" coverage for plaintiff and complied with Section 611 of the Michigan Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq*. Therefore, defendant argued, under MCL 418.131, the WDCA provided the exclusive remedy for plaintiff's work-related loss. The circuit court agreed with defendant, and granted defendant's motion pursuant to MCR 2.116(C)(10).

On appeal, plaintiff argues that the trial court erred in concluding that defendant complied with the WDCA's coverage requirements and plaintiff's negligence claims were barred by the WDCA's exclusive remedies provision. We disagree.

We review a trial court's decision on a motion for summary disposition de novo. *Bernardoni v City of Saginaw*, 499 Mich 470, 472; 886 NW2d 109 (2016). Defendant sought summary disposition under MCR 2.116(C)(8) and (C)(10). However, the circuit court explicitly stated that its decision to grant summary disposition was made pursuant only to MCR 2.116(C)(10). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." *West v Gen Motors Corp,* 469 Mich 177, 183; 665 NW2d 468 (2003). We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Const, Inc v Gen Shale Brick, Inc,* 284 Mich App 25, 29; 772 NW2d 801 (2009). A party opposing summary disposition under MCR 2.116(C)(10) may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. *Oliver v Smith*, 269 Mich App 560, 564; 715 NW2d 314 (2006).

This case requires this Court to interpret the provisions of the WDCA. Questions of law in a worker's compensation case are reviewed de novo, as are questions requiring statutory interpretation. *Smitter v Thornapple Tp*, 494 Mich 121, 129; 833 NW2d 875 (2013). "[T]he WDCA is in derogation of the common law, and its terms should be literally construed without judicial enhancement." *Paschke v Retool Industries*, 445 Mich 502, 511; 519 NW2d 441 (1994). "Rights, remedies, and procedure thereunder are such and such only as the statute provides," and "[i]f the statute is short of what it should contain in order to prevent injustice, the defects must be cured by future legislation and not by judicial pronouncement." *Id.*, quoting *Luyk v Hertel*, 242 Mich 445, 447; 219 NW 721 (1928).

The material facts of this case are not in dispute. The propriety of the trial court's order for summary disposition in favor of defendant under MCR 2.116(C)(10) therefore turns on whether defendant was entitled to judgment as a matter of law. Defendant argued, and the trial court agreed, that Star's reinstatement of defendant's worker's compensation policy, backdated to provide coverage from the date of cancellation "with no lapse," brought defendant into compliance with the coverage mandates for employers under the WDCA. Thus, plaintiff was limited to the remedies provided under the Act. Plaintiff argues to the contrary, insisting that the trial court erred when it determined that his negligence claims were barred. Plaintiff submits that the plain language of the WDCA permits an injured employee to sue an employer whose insurance coverage has been canceled before the date of the injury, regardless of whether the policy is subsequently reinstated and the injured employee receives benefits under the policy.

Stated succinctly, the question this Court must answer is whether an employer whose worker's compensation policy has been canceled maintains compliance with the coverage mandate of MCL 418.611, avoiding civil suit for injuries sustained by an employee during the cancellation period, by securing reinstatement of the policy to cure the lapse. Resolution of this issue is a matter of first impression in Michigan.

When this Court interprets a statute, its goal is "to give effect to the Legislature's intent, focusing first on the statute's plain language." *Ronnisch Construction Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). Statutes must be examined as a whole, and individual words and phrases are read in the context of the entire legislative scheme. *Id*. Unless otherwise defined in the statute or accepted as terms of art, words of a statute are assigned their plain and ordinary meaning. *Alvan Motor Freight, Inc v Dep't of Treasury*, 281 Mich App 35, 40; 761 NW2d 269 (2008). Further, an individual statute "must be read in conjunction with other relevant statutes to ensure that the legislative intent is correctly ascertained." *Potter v McLeary*, 484 Mich 397, 411; 774 NW2d 1 (2009). "When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Ronnisch*, 499 Mich at 552.

"The WDCA substitutes statutory compensation for common-law tort liability founded upon an employer's negligence in failing to maintain a safe working environment." *Herbolsheimer v SMS Holding Co, Inc*, 239 Mich App 236, 241; 608 NW2d 487 (2000) (quotation marks and citations omitted). "Under the WDCA, employers provide compensation to employees for injuries suffered in the course of employment, regardless of fault." *Id*. Under MCL 418.301, an employer is required to compensate an employee who "receives a personal injury arising out of and in the course of employment," as provided in the Act. Section 611 of the WDCA governs worker's compensation coverage requirements for employers. *McCaul v Modern Tile and Carpet, Inc*, 248 Mich App 610, 621; 640 NW2d 589 (2001). In pertinent part, MCL 418.611, provides:

> (1) Each employer under this act, subject to the approval of the director, *shall secure the payment of compensation under this act* by either of the following methods:
>
> (a) By receiving authorization from the director to be a self-insurer. In the case of an individual employer, the director may grant that authorization upon a reasonable showing by the employer of the employer's solvency and financial ability to pay the compensation and benefits provided for in this act and to make payments directly to the employer's employees as the employees become entitled to receive the payment under the terms and conditions of this act . . . .
>
> (b) *By insuring against liability with an insurer* authorized to transact the business of worker's compensation insurance within this state. [MCL 418.611(1) (emphasis added).]

"In return for this almost automatic liability, employees are limited in the amount of compensation they may collect from their employer, and, except in limited circumstances, may not bring a tort action against the employer." *Clark v United Technologies Automotive, Inc*, 459

Mich 681, 687; 594 NW2d 447 (1999). This arrangement balances the benefits to the employer and the employee. See *Herbolsheimer*, 239 Mich App at 255. The exclusive remedy provision, MCL 418.131, ensures that this balance of mutual benefits is maintained. *Reed v Yackell*, 473 Mich 520, 529; 703 NW2d 1 (2005). In pertinent part, MCL 418.131 provides that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease," except in cases of intentional tort. MCL 418.131(1).

> "Th[is] language expresses a fundamental tenet of workers' compensation statutes that if an injury falls within the coverage of the compensation law, such compensation shall be the employee's only remedy against the employer or the employer's insurance carrier. The underlying rationale is that the employer, by agreeing to assume automatic responsibility for all such injuries, protects itself from potentially excessive damage awards rendered against it and that the employee is assured of receiving payment for his injuries. [*Reed*, 473 Mich at 530, quoting *Farrell v Dearborn Mfg Co*, 416 Mich 267, 274; 330 NW2d 397 (1982).]

"By enacting the exclusive remedy provision of the WDCA, the Legislature clearly and unambiguously limited an employee's right to recover against his employer for injury arising out of the course of his employment to the benefits available under the WDCA." *Harris v Vernier*, 242 Mich App 306, 320; 617 NW2d 764 (2000).

However, the exclusive remedy provision only protects employers from civil suit when they are properly in compliance with the Act's requirements. When an employer under the Act has failed to comply with the coverage requirements of Section 611, the WDCA provides for penalties including criminal sanctions and liability in tort for additional damages. Under MCL 418.641:

> (1) An employer who fails to comply with the provisions of section 611 is guilty of a misdemeanor and may be fined not more than $1,000.00, or imprisoned for not more than 6 months, or both. . . .
>
> (2) The employee of an employer who violates the provisions of section 171 or 611 shall be entitled to recover damages from the employer in a civil action because of an injury that arose out of and in the course of employment notwithstanding the provisions of section 131. [MCL 418.641 (citation footnotes removed).]

The application of MCL 418.641 is clear where an employer's noncompliance is undisputed. "[Section] 641(2) imposes common-law liability in addition to, but not as a substitute for, benefits recoverable under the WDCA." *Smeester v Pub-N-Grub, Inc (On Remand)*, 208 Mich App 308, 312; 527 NW2d 5 (1995). In other words, when an employer fails to procure worker's compensation coverage as required in MCL 418.611, MCL 418.641(2) allows an injured

employee to pursue a tort claim against the noncompliant employer *in addition* to receiving compensation for available benefits from the employer under the WDCA.[1] The issue here, however, is whether defendant violated MCL 418.611 for purposes of MCL 418.641.

Plaintiff asks this Court to hold that MCL 418.641(2) permits plaintiff to pursue a civil action against defendant because defendant's worker's compensation coverage was canceled two weeks prior to plaintiff's work-related accident and defendant was therefore uninsured on the date of defendant's injury, despite the fact that defendant's policy was immediately reinstated with no lapse in coverage and plaintiff received compensation pursuant to the policy. Plaintiff argues that on the day of his injury, defendant was noncompliant with MCL 418.611 because defendant was technically, if only momentarily, uninsured.

We find that plaintiff's proposed interpretation of MCL 418.611(1) and MCL 418.641(2) is contrary to the plain language of the WDCA. MCL 418.611(1) requires only that an employer "secure the payment of compensation" under the Act for an injured employee. MCL 418.611(1) provides two alternative methods of securing compensation, one of which is to operate as an approved self-insurer, MCL 418.611(1)(a), and is inapplicable here. The other is "insuring against liability with an insurer." MCL 418.611(1)(b). The language of the statute is important. It indicates, especially considering the available alternative methods for securing compensation, that the ultimate goal of the statute is to ensure payment of compensation to an injured employee. The statute, by its plain language, does not specifically require an employer to maintain an active worker's compensation policy. It requires an employer to "secure the payment of compensation . . . by insuring against liability." MCL 418.611(1)(b). Further, the statute does not contain a temporal requirement limiting qualifying coverage to that obtained prior to an employee's injury. Plaintiff asks this Court to read a temporal requirement into the language of MCL 418.611(1)(b), arguing that temporal language in MCL 418.171, another section of the WDCA imposing liability on an employer who hires a contractor that "does not become subject to this act or comply with the provisions of 611 prior to the date of injury or death," indicates that MCL 418.611 also requires compliance "prior to the date of injury." This Court may not judicially enhance the literal meaning of MCL 418.611(1)(b) by reading a requirement into the statute's plain language. Regardless, plaintiff's comparison does not support his suggested interpretation of MCL 418.611(1)(b). To the contrary, the Legislature's inclusion of a temporal requirement in MCL 418.171 indicates that the omission of such language in MCL 418.611(1)(b) was intentional. *In re AJR*, 300 Mich App 597, 601; 834 NW2d 904 (2013) ("[T]his Court may not ignore the omission of a term from one section of a statute when that term is used in another section of the statute."). Based on the plain language of MCL 418.611, we hold that when an employer secures compensation from an insurer pursuant to a reinstated policy, it has secured compensation as required by MCL 418.611(1)(b). Accordingly, the employer cannot be found in

---

[1] Such damages are not limited to the benefits available under the WDCA, but double recovery is not permitted. *Smeester*, 208 Mich App at 314. "Accordingly, if . . . an employee successfully has pursued and recovered benefits in a worker's disability compensation proceeding, or been voluntarily awarded benefits, any such benefits must be subtracted from the recovery awarded by the trier of fact in a common-law action under [Section] 641(2)." *Id*.

noncompliance with MCL 418.611 for purposes of MCL 418.641. This perhaps overly technical reading of the plain language of MCL 418.611 is necessitated by the overly technical interpretation of MCL 418.611 plaintiff asks this Court to adopt on appeal, and will apply only in such limited contexts as the one currently before this Court.

Plaintiff argues that defendant cannot be found in compliance with MCL 418.611(1)(b) because the reinstatement of defendant's policy did not render defendant "insured" on the date of defendant's injury. However, the cancellation of defendant's worker's compensation policy only placed defendant in a precarious position, potentially unable to obtain reinstatement of coverage and secure compensation. It did not render defendant's ultimate compliance with MCL 418.611(1)(b) impossible. Furthermore, plaintiff's suggestion that the reinstatement of defendant's policy with no lapse in coverage did not qualify defendant as "insured" on the date of plaintiff's injury is contrary to terms of the insurance policy, well-accepted insurance industry practices, and common sense.

Defendant's worker's compensation coverage policy with Star became effective on January 1, 2014. Defendant made policy payments for several months out of the year-long policy period before missing a payment in May. Although the policy was canceled for nonpayment, defendant promptly discovered the oversight and Star agreed to reinstate the policy with no lapse in coverage. Defendant's policy documents indicate that defendant was covered for the entirety of the policy term, including on the date when plaintiff was injured. Indeed, Star opened a claim for plaintiff immediately upon reinstatement of defendant's policy and began making payments for benefits in accordance with the WDCA. Plaintiff argues that "one cannot insure against an event that has already occurred." Plaintiff may be correct, but even if one cannot "insure" against an event that has already happened, one can certainly provide coverage for such an event. An insurer's reinstatement of a canceled insurance policy to provide coverage during a lapse is not unheard of, and we are unable to find any law prohibiting an insurer from taking such action. "An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 519; 847 NW2d 657 (2014), quoting *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 161; 534 NW2d 502 (1995).

Plaintiff has not argued that Star's decision to reinstate defendant's coverage was contrary to public policy. Plaintiff argues only that the reinstatement cannot be called "insurance." However, we are not puersuaded that an insurer's payment of benefits pursuant to a reinstated policy is not the same as providing insurance coverage. In a related context, we have explained:

> When a lapsed policy is subsequently reinstated, the reinstatement "is not a new contract of insurance, nor is it the issuance of a policy of insurance; but rather it is a contract by virtue of which the policy already issued, under the conditions prescribed therein, is revived or restored after its lapse." Therefore, renewal of an existing policy or reinstatement of a lapsed policy is not in actuality a request for an insurance policy because such a policy already exists. [*Beckett-Buffum Agency, Inc v Allied Property & Cas Ins Co*, 311 Mich App 41, 45-46; 873 NW2d 117 (2015) (citations omitted).]

Additionally, Merriam-Webster's Collegiate Dictionary defines insurance as "the business of insuring persons or property," or "coverage by contract whereby one party undertakes to indemnify or guarantee another against loss by a specified contingency or peril." *Merriam-Webster's Collegiate Dictionary, Eleventh Edition* (2014). Nothing in the definition of insurance limits the insurer's option to contract against losses that have already occurred. Reinstatement of a lapsed policy revives the contract of insurance already in existence, and the insurance coverage simply runs from the date of reinstatement the parties contract for.

Had defendant failed to reinstate the policy, or managed to obtain a reinstatement guaranteeing only prospective coverage, defendant would have failed to comply with the requirement that it "secure the payment of compensation . . . by insuring against liability with an insurer." However, when Star reinstated defendant's worker's compensation policy with no lapse in coverage, defendant was brought back into compliance with the plain terms of MCL 418.611(1)(b). Plaintiff was thereafter precluded from pursuing a tort claim against defendant. MCL 418.641(2) permits a civil suit against an employer who "violates the provisions" of MCL 418.611. And while, as plaintiff notes, MCL 418.641(2) does not contain an exception for cases of accidental lapse, such an exception would be unnecessary in light of the plain language of MCL 418.611. Again, the question is whether the employer "secured compensation" of benefits, not whether the employer was insured when the employee sustained injury. When an employer corrects an accidental lapse and secures coverage for an injured employee, it simply has not violated MCL 418.611 for purposes of MCL 418.641. Here, it is undisputed that defendant secured the payment of compensation to plaintiff by obtaining reinstatement of the worker's compensation policy with Star, an insurer authorized to do business in Michigan, without a lapse in coverage. Defendant is therefore not liable for a violation under MCL 418.641(2).

We are careful to note that this proposed reading of the statute does not create a legal loophole through which employers may avoid the obligation to consistently carry worker's compensation insurance coverage. As previously mentioned, an employer who has not qualified as a self-insurer under MCL 418.611(1)(a) must still "insure against liability with an insurer" to avoid tort liability under MCL 418.641(2). An employer will find itself hard-pressed to obtain worker's compensation coverage from an approved insurer backdated to cover an injury that has already occurred. Thus, in practice, this Court's interpretation of MCL 418.611(1)(b) does not alter an employer's obligation to obtain and proactively maintain worker's compensation insurance coverage. It simply precludes liability under MCL 418.641(2) for a momentary, and promptly corrected, lapse in an employer's existing worker's compensation policy.

Our interpretation of MCL 418.611 and MCL 418.641 is consistent with an opinion by the Worker's Compensation Appellate Commission (WCAC) addressing somewhat analogous facts. In *Sweeney v Nehme Enterprises Inc*, 2007 Mich ACO 110, the defendant employer applied for and purchased worker's compensation insurance through an insurance agency, Meadowbrook Insurance Group (MIG). *Id*. at 2. However, the agency failed to obtain the employer's policy from an insurance carrier, Everest National Insurance Company (Everest). *Id.* Subsequently, the plaintiff was injured in a work-related accident. *Id*. Upon learning of the plaintiff's injury, Everest declined to issue a retroactive policy. *Id*. However, MIG issued a retroactive policy through another provider, Star Insurance (Star), which covered the entire period that the defendant had been uninsured, including the date of the plaintiff's injury. *Id*. at 2-

3. The issue before the magistrate was whether Star was the carrier of the defendant's insurance on the date of the plaintiff's injury for purposes of MCL 418.611(1)(b). *Id*. at 1, 4.

The magistrate found that Star was not the defendant's carrier on the date of the plaintiff's injury, and the defendant was therefore "uninsured" on the date of the plaintiff's injury. *Id*. at 1. The magistrate concluded that the employee therefore had a right to sue the defendant, and could not be "deprived" of that right by a retroactive policy covering his injury date. *Id*. at 3. On appeal, the WCAC disagreed, and reversed the magistrate's decision. *Id*. at 10-11. The WCAC found that the magistrate had incorrectly framed the issue:

> The issue is not what [the employee] loses or gains by having [the defendant] deemed to be insured, but whether or not Star is legally the workers' compensation carrier for [the defendant] on the date of [the employee's] injury. [*Id*. at 11.]

The WCAC held that Star was the defendant's insurer on the date of the plaintiff's injury, despite the fact that the policy was retroactive. Id. at 11-12.

While not binding on this Court, "an administrative agency's interpretation is entitled to respectful consideration and, if persuasive, should not be overruled without cogent reasons." *Ashley Capital, LLC v Dep't of Treasury*, 314 Mich App 1, 7; 884 NW2d 848 (2015) (quotation marks and citation omitted). "[T]he WCAC's interpretation and application of a provision of the WDCA is entitled to 'considerable deference' from this Court where that interpretation is not 'clearly incorrect.' " *McCaul*, 248 Mich App at 619 (citations omitted). While *Sweeney* is otherwise factually distinguishable, there can be no doubt that the WCAC considered the employer "insured" on the injury date under a retroactive policy issued by Star. As defendant aptly posits, the *Sweeney* opinion undercuts plaintiff's argument that lack of coverage at the precise moment of injury perfects a negligence action that irrevocably triggers MCL 418.641(2), and the suggestion that retroactive coverage is not insurance for purposes of MCL 418.611(1)(b). We find nothing in the WCAC's interpretation or application of MCL 418.611"clearly incorrect." We therefore decline plaintiff's request to interpret MCL 418.611(1)(b) such that the WCAC's *Sweeney* opinion would be overruled.

Our interpretation of the WDCA is also consistent with the Act's legislative purpose. "[A] fundamental premise of the act is that if the employee's injury falls within its provisions, then worker's compensation will be the only remedy against the employer and the employer's insurance carrier." *Kidder v Miller-Davis Co*, 455 Mich 25, 38; 564 NW2d 872 (1997). This balances the potential costs to the employee and the employer. "The notion of fault is eliminated, and the idea is compensation tied to earnings, the costs of which are ultimately passed on to the consumers." *Id*., at 38 n 6, quoting 1 Larson, Workmen's Compensation Law, §§ 3.00-3.30, pp 1-17 to 1-19.

To allow an employee who has received benefits pursuant to a worker's compensation policy to sue its employer in tort for additional damages would be inconsistent with the balance of interests protected by the WDCA. An employer that cures a lapse in its insurance policy to secure worker's compensation coverage for an employee's work-related injury has upheld its part of the bargain struck between employees and employers under the WDCA, and has provided

for compensation in the form of insurance payments for benefits available under the WDCA without regard to fault. An employee who receives compensation from a worker's compensation insurance policy under such circumstances has received his full benefits under the WDCA. No additional penalties on the employer or benefits for the employee are called for. Even under the penalties provision, MCL 418.641, an injured employee is only allowed to sue an employer who *has failed to provide compensation* via self-insurance or a worker's compensation policy. In such a situation, the employer has failed to meet its obligation to the employee and is no longer entitled to the protections of the WDCA. Additionally, the employee has lost the ability to recover *any* benefits without accepting the costs and risks of litigation. It therefore makes sense that the employee would be entitled to the additional benefit of pursuing an action in negligence.

Here, plaintiff asks this Court to interpret the WDCA in such a way that he receives twice the benefits without any concession. He has received benefits available under the WDCA pursuant to his employer's worker's compensation insurance policy without regard to fault. We cannot agree that plaintiff's request is consistent with the purposes of the WDCA. Defendant, while perhaps negligent, has protected its employee and upheld its part of the bargain. It cannot be seen to have forfeited the protections of the WDCA.

The circuit court properly determined that plaintiff's civil action was barred by the exclusive remedies provision of the WDCA. Defendant was therefore entitled to judgment as a matter of law and the trial court's entry of summary disposition pursuant to MCR 2.116(C)(10) was proper.

Plaintiff also argues that summary disposition was premature because discovery was not yet complete. In general, summary disposition is premature if discovery on a disputed issue has not been completed. *Oliver*, 269 Mich App at 567. However,

> the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate. The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position. [*Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009) (emphasis added).]

Although in his response to defendant's motion for summary disposition, plaintiff broadly claimed that material questions of fact remained, plaintiff did not specifically identify the facts still in dispute. To the contrary, plaintiff repeatedly acknowledged that the relevant facts were undisputed, arguing only that the facts precluded summary dismissal of his claim. On appeal, plaintiff suggests that documentary evidence or witness testimony may exist and prove that during negotiations with Star, Star did not actually reinstate coverage and defendant merely agreed to reimburse Star for any payments to plaintiff. Plaintiff has offered no support for this bizarre claim. Nor has he attempted to dispute the authenticity of the notice of reinstatement indicating that defendant's policy with Star was "reinstated with no lapse in coverage," the existence of which directly refutes plaintiff's claim. Plaintiff has not shown that additional discovery stood a "fair chance" of uncovering support for his position. The trial court therefore did not err when it granted defendant's motion for summary disposition before the end of the

discovery period.  Because we affirm the circuit court's order, we need not address plaintiff's request for an order permitting plaintiff to file an amended complaint on remand.

Affirmed.


/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Stephen L. Borrello