# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

BERNARDONI v CITY OF SAGINAW

Docket No. 152097. Decided July 5, 2016.

Sue Bernardoni brought a negligence action in the Saginaw Circuit Court against the city of Saginaw after she tripped on a 2.5-inch vertical discontinuity between adjacent sidewalk slabs. Plaintiff alleged that defendant was liable for the resulting injuries under the "highway exception" to governmental immunity, MCL 691.1402(1), for having failed to maintain the sidewalk in reasonable repair. In support of her allegation, plaintiff submitted photographs of the sidewalk discontinuity that were taken about 30 days after plaintiff's accident. Defendant moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), and the trial court, Janet M. Boes, J., granted defendant's motion without indicating under which rule. The Court of Appeals, RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ., reversed in an unpublished opinion per curiam issued June 23, 2015 (Docket No. 320601), noting that the trial court had not granted summary disposition under MCR 2.116(C)(8) and holding that summary disposition was improper under either MCR 2.116(C)(7) or (C)(10) because reasonable minds could have differed regarding whether the discontinuity would have been present and readily apparent for at least 30 days before the injury. Defendant appealed.

In lieu of granting leave to appeal and without hearing oral argument, in a unanimous memorandum opinion, the Supreme Court *held*:

For purposes of the highway exception, plaintiff's photographs of a sidewalk defect taken about 30 days after an accident alone did not create a genuine issue of material fact as to whether the sidewalk defect existed at least 30 days before the accident as required under MCL 691.1402a(2). Without more, a jury would have had no basis for concluding that the defect was present for the requisite period of time. Accordingly, defendant was entitled to summary disposition under MCR 2.116(C)(10).

Court of Appeals judgment reversed; trial court order dismissing the case reinstated.

©2016 State of Michigan

# OPINION

Chief Justice:

Robert P. Young, Jr.

Justices:

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED July 5, 2016

STATE OF MICHIGAN

SUPREME COURT

SUE BERNARDONI,

Plaintiff-Appellee,

v                                                                 No. 152097

CITY OF SAGINAW,

Defendant-Appellant.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

At issue is whether for purposes of the "highway exception" to governmental immunity from tort claims, MCL 691.1402, plaintiff's photographs of a sidewalk defect taken about 30 days *after* plaintiff's accident are sufficient evidence to establish a genuine issue of material fact regarding whether the defect existed at least 30 days *before* the accident.  We conclude that such evidence alone is not probative of a sidewalk's past condition and is thus insufficient, without more, to forestall summary disposition. Consequently we reverse the Court of Appeals judgment and reinstate the trial court's dismissal of plaintiff's action.

Plaintiff was walking on a sidewalk in defendant city when she was injured after tripping on a 2.5-inch vertical discontinuity between adjacent sidewalk slabs. She sued defendant, alleging *inter alia* that the sidewalk's hazardous condition had existed for more than 30 days before her fall. However, in her deposition, she stated that she did not know for how long the discontinuity had existed. The only relevant evidence she submitted was three photographs of the defect taken by plaintiff's husband about 30 days after the accident. The photographs depict a raised portion of a sidewalk, each taken from a different perspective and seemingly from a different distance. In two of the photographs, a ruler is used to indicate the size of the discontinuity in the sidewalk.

In the trial court, defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). The trial court found plaintiff's photographs insufficient to establish the defect's origin and duration and granted summary disposition without specifying under which rule it had granted the motion. On appeal, the Court of Appeals noted that the trial court had reviewed material outside of the pleadings and therefore concluded that the trial court could not have granted summary disposition under MCR 2.116(C)(8). *Bernardoni v Saginaw*, unpublished opinion per curiam of the Court of Appeals, issued June 23, 2015 (Docket No 320601), at 1, citing *Spiek v Dep't of Transp*, 456 Mich 331, 338, 572 NW2d 201 (1998). The Court of Appeals found summary disposition improper under both MCR 2.116(C)(7) and (C)(10). *Bernardoni*, unpub op at 2. Specifically with respect to MCR 2.116(C)(10), the Court of Appeals reasoned that "in consideration of the high unlikeliness that sidewalk[] slabs could shift, wear, and accumulate debris with great rapidity, reasonable minds could differ as to whether the condition would have been present and readily apparent for at least 30 days

2

before the injury." *Id*. For the reasons stated below, we conclude that defendant is entitled to summary disposition under MCR 2.116(C)(10). Accordingly, we reverse the Court of Appeals on this ground and reinstate the trial court's dismissal.[1]

We review de novo a trial court's decision regarding a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition made under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Id*. at 120. The Court considers all affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. MCR 2.116(G)(4) states:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

This rule requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial. *Maiden*, 461 Mich at 121. A reviewing court should consider the substantively admissible evidence actually proffered by the opposing party. *Id*. When the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. *Id*. at 120.

---

[1] Because we find summary disposition appropriate under MCR 2.116(C)(10), we decline to consider whether summary disposition is also appropriate under MCR 2.116(C)(7).

Under the governmental tort liability act, MCL 691.1401 *et seq.*, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). An exception to this immunity is found in MCL 691.1402, the highway exception, that allows individuals to "recover the damages suffered by him or her" resulting from a municipality's failure to keep highways—including sidewalks, MCL 691.1401(c)—"in reasonable repair and in a condition reasonably safe and fit for travel . . . ." MCL 691.1402(1); see also *Robinson v City of Lansing*, 486 Mich 1, 7; 782 NW2d 171 (2010). When the liability allegedly arises from a sidewalk defect, a plaintiff must meet additional requirements:

> A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk. [MCL 691.1402a(2).]

A defendant is "conclusively presumed" to have knowledge of the defect "when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place." MCL 691.1403. Thus, to invoke the highway exception as it pertains to sidewalks, a plaintiff must show that the defect existed at least 30 days before the accident. *Robinson*, 486 Mich at 19 ("MCL 691.1402a(1)(a) and MCL 691.1403 are virtually identical; they both limit a municipality's liability to instances in which the municipality knew or should have known of the defect at least 30 days before the injury took place."). "Generally, the question of whether a street defect, otherwise actionable against the municipality, 'has existed a sufficient length of time and under such circumstances that the municipality is

4

deemed to have notice is a question of fact, and not a question of law.' " *Cruz v Saginaw*, 370 Mich 476, 481; 122 NW2d 670 (1963), quoting *Hendershott v Grand Rapids*, 142 Mich 140, 143; 105 NW 140 (1905); see also *Beamon v Highland Park*, 85 Mich App 242, 246; 271 NW2d 187 (1978).

In the instant case, after discovery had closed, defendant moved for summary disposition arguing, *inter alia*, that there was no genuine issue of material fact that defendant did not know or have reason to know of the alleged defect. In opposition, plaintiff submitted as her only proof the aforementioned photographs of the alleged sidewalk defect taken about 30 days after the incident. No evidence was submitted to establish that the condition of the sidewalk in the photographs was the same 30 days before the incident. For the following reasons, these photographs are insufficient to raise a genuine issue of material fact regarding whether the defect originated at least 30 days before the incident.

Plaintiff acknowledges that these photographs were taken about 30 days after the incident. Therefore, the images of the sidewalk condition in the photographs do not show the sidewalk's condition 30 days before the incident, as required by MCL 691.1402a(2). Furthermore, the photographs alone fail to give rise to a reasonable inference that the defect had been present for at least 60 days. The photographs merely show the alleged defect from several different angles and indicate the size of the defect. The basis for the Court of Appeals' finding of such an inference was the accumulated debris seen in the photographs. But that inference amounts merely to speculation, relying on the assumption that the debris, and thus the defect itself, could not have arisen in *less* than 60 days. Thus, even when viewed in the light most favorable to plaintiff, the photographs

5

standing alone cannot permit the conclusion that the defect existed 30 days before the incident.

The necessary inference that would connect the photographs to the sidewalk's condition 60 days earlier becomes tenable only with additional evidence. Absent such evidence, one can imagine any number of scenarios in which the defect formed *within* 60 days of when the photographs were taken. Yet plaintiff has offered no evidentiary support of any kind for her assumptions that the defect existed for the necessary amount of time. For example, she has offered no affidavits from neighbors who viewed the sidewalk 30 days before the accident, nor did she introduce expert testimony demonstrating that the sidewalk discontinuity was of a type that usually forms or enlarges over a long period of time. Such additional evidence might have narrowed or closed the inferential gap between the photographs and the conclusions plaintiff and the Court of Appeals drew from them. Instead, plaintiff's attempt to prove the sidewalk's past condition simply by proving its current condition fails, as more is needed to explain why the current condition is probative of the past condition. Cf. *Beamon*, 85 Mich App at 246 ("[P]laintiff merely proved that the defect existed at the moment of her fall. Absent additional evidence, it was not reasonable to infer that the defect was sufficiently long-standing and/or notorious in support of the jury verdict of constructive notice.").

For these reasons, we hold that for purposes of the highway exception, plaintiff's photographs of a sidewalk defect taken about 30 days after an accident alone do not create a genuine issue of material fact as to whether the sidewalk defect existed at least 30 days before the accident. Without more, a jury has no basis for concluding that the defect was present for the requisite period of time. Because plaintiff has provided

6

photographs of the defect only as it existed about 30 days after her fall and has not explained why these photographs indicate the state of the sidewalk 60 days earlier, she cannot withstand summary disposition.  We thus reverse the Court of Appeals judgment and reinstate the trial court's dismissal of plaintiff's action.

Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen