# STATE OF MICHIGAN

# COURT OF APPEALS

ROBIN MITCHELL,

Plaintiff-Appellee,

v

CITY OF LATHRUP VILLAGE,

Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 336200
Oakland Circuit Court
LC No. 2016-151633-NO

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Defendant, City of Lathrup Village, appeals as of right the trial court's order denying its motion for summary disposition pursuant to MCR 2.116(C)(7) and (10). Because there are no errors warranting relief, we affirm.

## I. BASIC FACTS

On June 24, 2015, plaintiff, Robin Mitchell, tripped and fell while walking on a sidewalk in Lathrup Village. Mitchell looked to where her foot had been caught, and she noticed gravel and a broken sidewalk. She sustained physical injuries as a result of the fall. Mitchell sued Lathrup Village, alleging that it breached its duty to maintain the sidewalk in reasonable repair. Lathrup Village filed a motion for summary disposition, arguing that Mitchell could not rebut the statutory presumption that it had maintained the sidewalk in reasonable repair. It also argued that Mitchell had failed to establish that the Village had notice of the alleged defect. After oral argument the trial court denied Lathrup Village's motion, finding that there was a genuine issue of material fact with regard to the type of defect and whether the Village had sufficient notice of the defect before Mitchell's fall.

## II. GOVERNMENTAL IMMUNITY

### A. STANDARD OF REVIEW

Lathrup Village argues that the trial court erred by denying its motion for summary disposition. "This Court reviews de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation[.]" *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). Under MCR 2.116(C)(10), summary disposition can be granted if "there is no genuine issue as to any material fact, and the moving party is entitled to

-1-

judgment or partial judgment as a matter of law." Motions for summary disposition under MCR 2.116(C)(10) test the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Dextrom*, 287 Mich App at 416. When evaluating motions brought under this subrule, a trial court must consider the evidence submitted in the light most favorable to the nonmoving party. *Id*. at 415.

A motion for summary disposition under MCR 2.116(C)(7) "may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom*, 287 Mich App at 428. In support of such a motion, a party may provide affidavits, pleadings, depositions, admissions, and other documentary evidence. MCR 2.116(G)(5). Unlike a motion brought under subrule (C)(10), "a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material." *Maiden*, 461 Mich at 119. However, the substance of this material, if provided, must be admissible in evidence. *Id*. When reviewing motions under subrule (C)(7),

> this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom*, 287 Mich App at 428-429.]

## B. ANALYSIS

MCL 691.1407(1) states that "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." That immunity, however, is subject to several exceptions. *Lash v Traverse City*, 479 Mich 180, 195; 735 NW2d 628 (2007). Relevant to this appeal is the "highway exception" set forth in MCL 691.1402(1), which allows a plaintiff to "recover the damages suffered by him or her" as a result of a municipality's failure to keep highways "in reasonable repair and in a condition reasonably safe and fit for travel . . . ."[1] *Russell v City of Detroit*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 332934); slip op at 2, quoting MCL 691.1402(1). More specifically, MCL 691.1402a(1) provides that a municipal corporation may be liable for failing to maintain in reasonable repair a sidewalk a"djacent to a municipal, county, or state highway . . . ." MCL 691.1402a(1); see also *Robinson v Lansing*, 486 Mich 1, 7; 782 NW2d 171 (2010).

In order to invoke the sidewalk exception in MCL 691.1402a, a plaintiff must prove "that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal

---

[1] MCL 691.1401(c) defines "highway" to include a "sidewalk."

corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk." MCL 691.1402a(2); see also *Bernardoni v City of Saginaw*, 499 Mich 470, 474 886 NW2d 109 (2016) (stating that "to invoke the highway exception as it pertains to sidewalks, a plaintiff must show that the defect existed at least 30 days before the accident"). A plaintiff must also rebut the presumption created by MCL 691.1402a(3) that the municipality "maintained the sidewalk in reasonable repair." MCL 691.1402a(3). A plaintiff may rebut the presumption by showing that "a proximate cause" of his or her injury was "1 or both of the following:"

> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

> (b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity. [MCL 691.1402a(3).]

On appeal, Lathrup Village argues that the trial court erred by finding a genuine question of fact with regard to whether Mitchell could rebut the presumption that the sidewalk was maintained in reasonable repair. In response, Mitchell contends that she can rebut the presumption of reasonable repair by showing that a proximate cause of her fall was a two-inch height discontinuity, and she directs this Court to a photograph she took about five days after her fall. Viewed in the light most favorable to Mitchell, the photograph depicts two slabs of sidewalk, one of which is higher than the other. The width of the crack between the sidewalk slabs varies, appearing wider in some spots and narrower in others. At the spot where the gap between the two slabs is widest is a measuring stick or ruler. The bottom of the ruler is not visible because it is in the crack between the sidewalk slabs. The two-inch mark on the ruler is or appears to be near the top of the higher slab. Based on the angle of the photograph and the position of the ruler, a jury could reasonably infer that the height of the higher slab is at least two inches high. A jury could not, however, reasonably infer that there is a "vertical discontinuity defect of 2 inches or more in the sidewalk" given that the ruler undisputedly extends below the top of the lower slab. And, because there is no other evidence of a vertical discontinuity of two or more inches, we agree with Lathrup Village that Mitchell cannot rebut the presumption that the sidewalk was maintained in reasonable repair by resorting to MCL 691.1402a(3)(a).[2]

However, under MCL 691.1402a(3)(b), there is a genuine question of material fact with regard to whether Mitchell can rebut the presumption of reasonable repair by showing "[a] dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity." Mitchell contends that she tripped because of "uneven sidewalk blocks." Her expert, Steven Ziemba, averred that the height differential worked in combination with the width discontinuity and the deteriorated condition at the sidewalk joint to create a "dangerous condition." He asserted that the gap was wide enough for the toe of Mitchell's shoe to get stuck

---

[2] Mitchell argues on appeal that a *width* discontinuity of two or more inches is sufficient under MCL 691.1402a(3)(a) to rebut the presumption that Lathrup maintained the sidewalk in reasonable repair. However, the statute in effect at the time of Mitchell's fall specified that it had to be a *vertical* discontinuity. As such, we find her argument wholly without merit on this point.

in the gap, which "abruptly stopped" her forward momentum while her "upper body movement" continued and caused her to fall. Based on this record, a jury could reasonably infer that the combination of errors was sufficient to rise to the level of "a dangerous condition in the sidewalk," so as to subject Lathrup Village to liability under the sidewalk exception.

Lathrup Village argues that the affidavit from Ziemba was unreliable under MRE 702 because his opinion failed to provide facts, data, or scientific testing to support his conclusions. However, this Court addressed this argument in *Dextrom*, 287 Mich App at 428, holding:

> there is no requirement that an expert's qualifications and methods be incorporated into an affidavit submitted in support of, or opposition to, a motion for summary disposition. Rather, the *content* of the affidavits must be admissible in *substance*, not form. And the requirements of MRE 702 are foundational to the admission of the expert's testimony at trial. Thus, it is significant that defendants here do not attack the admissibility of the content of [the plaintiffs' expert's] affidavit, only its foundation. As MCR 2.119(B)(1)(c) provides, the affidavit need only show that the affiant, *if sworn as a witness*, can testify competently to the facts stated in the affidavit. Whether [the plaintiffs' expert] will ultimately meet the MRE 702 requirements to be sworn as a witness is a matter reserved for trial.

Thus, because Ziemba has not been sworn as an expert witness to testify at trial, there is no need to satisfy the reliability standard of MRE 702 at this point.

In sum, the trial court did not err by relying on Ziemba's affidavit, nor did it err by finding there was a question of fact with regard to whether Mitchell could rebut the presumption in MCL 691.1402a(3).

Lathrup Village next argues that Mitchell cannot establish that it had the 30-day notice of the defect required by MCL 691.1402a(2). "Generally, the question of whether a street defect, otherwise actionable against the municipality, has existed a sufficient length of time and under such circumstances that the municipality is deemed to have notice is a question of fact, and not a question of law." *Bernardoni*, 499 Mich at 474 (quotation marks and citation omitted). "A defendant is 'conclusively presumed' to have knowledge of a defect 'when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.' " *Id*., quoting MCL 691.1403. In the absence of some evidence connecting a sidewalk's condition *after* the accident to its condition 30 days before the accident, "one can imagine any number of scenarios" where the defect formed in outside the 30-day notice timeframe mandated by MCL 691.1402a(2). *Bernardoni*, 499 Mich at 475. Therefore, in *Bernardoni*, where the plaintiff's only evidence were photographs taken 30 days after her fall, our Supreme Court recently held:

> [F]or purposes of the highway exception, plaintiff's photographs of a sidewalk defect taken about 30 days after an accident alone do not create a genuine issue of material fact as to whether the sidewalk defect existed at least 30 days before the accident. Without more, a jury has no basis for concluding that the defect was present for the requisite period of time. Because plaintiff has provided

photographs of the defect only as it existed about 30 days after her fall and has not explained why these photographs indicate the state of the sidewalk 60 days earlier, she cannot withstand summary disposition. [*Id*. at 476.]

By way of example, the Court posited that evidence that could be offered in addition to photographs depicting a defect after an accident include affidavits from neighbors stating that the defect existed more than 30 days before the plaintiff's accident or "expert testimony demonstrating that the sidewalk discontinuity was of a type that usually forms or enlarges over a long period of time." *Id.*

Here, in addition to photographs of the allegedly defective sidewalk, Mitchell relied upon Ziemba's affidavit. Ziemba asserted that he had "over 43 years of experience in the inspection and evaluation of paved surfaces and in the recognition of defective pavement." He reviewed the complaint, Mitchell's deposition, and photographs of the spot where she fell. Based on his experience, he opined:

> Both the severely deteriorated condition of this sidewalk at the joint (exhibit 1 is a photograph taken 5 days after plaintiff's fall) and the heaved slab (most likely from winter freeze and thaw cycles) which accounts for the height differential clearly shows that this defective sidewalk conditions has been in existence for a period of greater than 30 days prior to this June 24th incident.

Although Lathrup Village contends that his opinion that the heaved slab was likely caused by the winter freeze/thaw cycle is based solely on speculation, we disagree. The record reflects that Mitchell fell in June. She testified several times that she was looking at flowers the morning she fell. She also testified that she had started her walk around 8:00 a.m., and she added that she was wearing gym shoes and a t-shirt. Based on this testimony, it is reasonable to infer that the freeze/thaw cycle had ended more than 30 days before Mitchell's June 24, 2015 accident. As such, the jury could infer that the dangerous condition of the sidewalk existed for at least 30 days before the accident.

Moreover, Zeimba opined that the condition of the sidewalk was severely deteriorated. That expert opinion, combined with the photographs of the condition shortly after the accident, would allow a jury to conclude that the defect existed for at least 30 days before the accident and that it would be "readily apparent to an ordinarily observant person." See MCL 691.1403. Stated differently, the jury could rely on Ziemba's opinion testimony that the condition existed for more than 30 days, and it could view the photographs to determine whether the defect was readily apparent. In short, because Mitchell has provided photographs of the defect as it existed a few days after her fall and provided expert testimony to explain why those photographs indicate that the state of the sidewalk was the same at least 30 days before her fall, we conclude that the trial court did not err by denying summary disposition on this basis.

Affirmed. As the prevailing party, Mitchell may tax costs under MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Patrick M. Meter