# STATE OF MICHIGAN

# COURT OF APPEALS

TERRI L. WRIGHT,

       Plaintiff-Appellee,

v

CITY OF SAGINAW,

       Defendant-Appellant.

UNPUBLISHED
May 24, 2018

No. 339402
Saginaw Circuit Court
LC No. 16-030237-NO

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

In this negligence action involving an allegedly inadequately maintained sidewalk, defendant, the city of Saginaw, appeals as of right the trial court's order denying its motion for summary disposition on the basis of governmental immunity. We affirm.

This case arises out of injuries that plaintiff suffered when she tripped and fell over an uneven portion of sidewalk located near the corner of Court Street and Goetz Street in Saginaw. As a result of the fall, plaintiff suffered a broken left wrist, a broken right kneecap, and facial lacerations.

Plaintiff filed a complaint against defendant alleging negligence and nuisance per se in the trial court. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), arguing that because plaintiff could not establish that the sidewalk was defective for more than 30 days before the incident, defendant was entitled to summary disposition because of governmental immunity pursuant to the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Specifically, defendant contended that photos taken by plaintiff approximately two weeks after the incident only established the uneven condition of the sidewalk at that time, which was insufficient to show that the condition existed for more than 30 days before the date plaintiff fell. Defendant therefore argued that it had no notice of the sidewalk defect and could not be held liable for plaintiff's injuries.

In response, plaintiff argued that the defect was caused by roots from a large tree that was adjacent to the sidewalk. In support of this claim, plaintiff submitted photos showing the large tree next to the raised section of sidewalk and the city investigation report that concluded that the sidewalk offsets were caused by parkway trees. Plaintiff argued that the photos and inspection

-1-

report supported her contention that the defect necessarily had existed for a long period of time. The trial court agreed with plaintiff and denied defendant's motion for summary disposition.

This Court reviews "the trial court's denial of defendant's motion for summary disposition de novo." *Bellinger v Kram*, 319 Mich App 653, 658-659; 904 NW2d 870 (2017). Although defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), because it was seeking a ruling that the suit was barred because of governmental immunity, the proper court rule is MCR 2.116(C)(7). *Haliw v Sterling Heights*, 464 Mich 297, 315; 627 NW2d 581 (2001).

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (citations omitted).]

Under the GTLA, "governmental agencies" are immune from tort liability when they are "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). However, the GTLA also provides several exceptions to this broad grant of immunity. *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 84; 746 NW2d 847 (2008).[1] At issue in this case in the "highway exception," which is located in MCL 691.1402 and allows individuals to recover damages resulting from a city's failure to keep "highway[s]," which includes sidewalks, see MCL 691.1401(c), "in reasonable repair and in a condition reasonably safe and fit for travel," MCL 691.1402(1). However, the GTLA provides that

> [a] municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk. [MCL 691.1402a(2).]

"Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place." MCL 691.1403. "Thus, to invoke the highway

---

[1] "The six statutory exceptions are: the highway exception, MCL 691.1402; the motor-vehicle exception, MCL 691.1405; the public-building exception, MCL 691.1406; the proprietary-function exception, MCL 691.1413; the governmental-hospital exception, MCL 691.1407(4); and the sewage-disposal-system-event exception, MCL 691.1417(2) and (3)." *Wesche*, 480 Mich at 84 n 10.

exception as it pertains to sidewalks, a plaintiff must show that the defect existed at least 30 days before the accident." *Bernardoni v Saginaw*, 499 Mich 470, 474; 886 NW2d 109 (2016).

In this case, the only issue is whether the evidence presented was sufficient to show that defendant had constructive notice of the sidewalk defect pursuant to MCL 691.1402a(2).

Defendant relies on our Supreme Court's case, *Bernardoni*. In *Bernardoni*, the Court held that the plaintiff's photos, which were taken 30 days after the accident were insufficient by themselves "to establish a genuine issue of material fact regarding whether the defect existed at least 30 days *before* the accident." *Bernardoni*, 499 Mich at 471 (emphasis in original). In that case, the plaintiff submitted three photos showing "a raised portion of a sidewalk, each taken from a different prescriptive and seemingly from a different distance." *Id*. The Supreme Court explained:

> The necessary inference that would connect the photographs to the sidewalk's condition 60 days earlier becomes tenable only with additional evidence. Absent such evidence, one can imagine any number of scenarios in which the defect formed within 60 days of when the photographs were taken. Yet plaintiff has offered no evidentiary support of any kind for her assumptions that the defect existed for the necessary amount of time. For example, she has offered no affidavits from neighbors who viewed the sidewalk 30 days before the accident, nor did she introduce expert testimony demonstrating that the sidewalk discontinuity was of a type that usually forms or enlarges over a long period of time. Such additional evidence might have narrowed or closed the inferential gap between the photographs and the conclusions plaintiff and the Court of Appeals drew from them. Instead, plaintiff's attempt to prove the sidewalk's past condition simply by proving its current condition fails, as more is needed to explain why the current condition is probative of the past condition. [*Id*. at 475-476.]

Accordingly, the Supreme Court determined that the plaintiff's photos only showed the defect as it existed about 30 days after her accident and "[w]ithout more, a jury ha[d] no basis for concluding that the defect was present for the requisite period of time." *Id*. at 476. Thus, the defendant city was entitled to summary disposition. *Id*. at 472.

However, we hold that this case is distinguishable from *Bernardoni* because plaintiff did submit additional evidence supporting her position. The *Bernardoni* Court stressed that photographs that *merely showed the existence of the defect sometime after the accident* were insufficient *by themselves* to show that the defect had existed 30 days *before* the accident. See *id*. at 471 ("such evidence alone"), 475 ("submitted as her only proof"), 476 ("Without more, a jury has no basis for concluding that the defect was present for the requisite period of time."). But here, plaintiff presented more than the bare fact of the defect's existence. First, unlike the plaintiff in *Bernardoni*, plaintiff did not leave it to speculation as to how the defect formed— plaintiff offered proof that the defect was a result of the large tree growing directly next to the sidewalk. Specifically, plaintiff presented evidence that the slab of sidewalk was raised by the growing roots of the large, adjacent tree. As the trial court noted, the photos show a root from the tree growing under the raised portion of the sidewalk. Further, the city report stated that an

inspection of the property "revealed that the sidewalk . . . ha[d] some areas of offset walk due to parkway trees," where the offsets ranged from under one inch up to 2-5/8 inches. Because it is commonly understood that tree roots require significant time to grow, a jury could reasonably conclude that the defect was present for more than 30 days before plaintiff's fall. See *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997) (stating that a genuine issue of material fact exists when the record, "giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ").

Furthermore, plaintiff presented evidence that the area where the uneven slabs of sidewalk abutted were covered in dirt, grass, and weeds. Indeed, plaintiff testified that in order to see the true extent of the uneven sidewalk, she had to scrape away large amounts of dirt, grass, and weeds. Because of the amount of dirt, grass, and weeds and the fact that the compacted dirt had to be "scraped" away, a fact-finder could reasonably conclude that the accumulation had been present for quite some time, at least 30 days before the accident. While the Supreme Court noted that "debris" that has accumulated near an uneven sidewalk is insufficient to permit a conclusion that an uneven sidewalk could have existed 60 days prior to the noticing of the debris, *Bernardoni*, 499 Mich at 475, we find compacted dirt with growing grass and weeds to be different. Unlike debris, which could have blown into an uneven sidewalk at any time, the accumulation of dirt and growing weeds and grass could not have occurred spontaneously or over a short period of time.

In sum, this case is distinguishable from *Bernardoni*, in which there was no other evidence presented other than the mere existence of the sidewalk defect at a time after the accident. Here, plaintiff presented evidence of the source of the misaligned sidewalk slabs (tree roots) and evidence of accumulated dirt with growing grass and weeds where the adjoining slabs met. Thus, summary disposition was improper in this case, and the trial court did not err in denying defendant's motion for summary disposition.

Affirmed.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel