*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIFFANY DONNER,

      Plaintiff-Appellee,

v

PROGRESSIVE MICHIGAN INSURANCE COMPANY,

      Defendant-Appellee,

and

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,

      Defendant-Appellant,

and

KIM TUBBS,

      Defendant.

UNPUBLISHED
March 21, 2024

No. 365477
Oakland Circuit Court
LC No. 2022-192992-NI

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

In this action for benefits under the Michigan no-fault act, MCL 500.3101 *et seq*., defendant, the Michigan Automobile Insurance Placement Facility (MAIPF),[1] appeals by delayed leave granted[2] the trial court's order denying its motion for reconsideration of the order denying its request for summary disposition, and its motion for relief from the order granting the summary-

---

[1] Hereinafter, "defendant" references the MAIPF.

[2] *Donner v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered July 27, 2023 (Docket No. 365477).

disposition motion filed by defendant, Progressive Michigan Insurance Company. Defendant argues that the trial court erred in denying its motion for summary disposition because plaintiff is ineligible for personal protection insurance (PIP) benefits from the MAIPF under MCL 500.3107d(6), and in dismissing all claims against Progressive because plaintiff, Tiffany Donner, is still entitled to replacement services and wage loss benefits from Progressive. Alternatively, defendant asserts that the trial court erred by granting Progressive's motion for summary disposition because plaintiff ineffectively opted out of PIP benefits from Progressive. We reverse the trial court's order denying defendant's motion for summary disposition and remand for entry of an order granting that motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 11, 2021, plaintiff was injured as a passenger in an automobile accident involving defendant, Kim Tubbs[3] . At the time of the accident, plaintiff had a no-fault insurance policy through Progressive, which she had renewed effective January 21, 2021. As part of the policy, plaintiff elected to opt out of PIP benefits by checking the box on the selection form indicating she had qualified health coverage under Medicare Parts A and B.

On March 10, 2022, plaintiff initiated this action, claiming: entitlement to first-party no-fault benefits from defendant or Progressive, including allowable expenses under MCL 500.3107(1)(a), work loss benefits under MCL 500.3107(1)(b) and MCL 500.3107a, replacement services under MCL 500.3107(1)(c), and other PIP benefits; negligence against Tubbs; and breach of contract against defendant and Progressive. The trial court subsequently dismissed Count III against defendant by stipulated order.

Progressive moved for summary disposition of plaintiff's claims against it under MCR 2.116(C)(10), asserting the lack of a genuine issue of material fact that at the time of the accident, plaintiff was neither entitled to PIP benefits nor uninsured or underinsured coverage from Progressive. Specifically, Progressive argued that when she renewed her insurance policy in January 2021, plaintiff opted out of PIP coverage, providing proof of Medicare Parts A and B to establish qualified health coverage, and only informed Progressive *after* the accident that she had lost her qualified health coverage before renewing her insurance policy. Accordingly, because the accident occurred more than 30 days after losing her qualified health coverage, MCL 500.3107d precluded plaintiff's entitlement to PIP benefits.

We see no response in the record from plaintiff, but defendant responded to Progressive's motion, asserting

> that [the] motion [was] premature as no evidence ha[d] been provided to demonstrate when the Qualified Health Plan terminated. Thus, neither Defendant MAIPF or Co-Defendant Progressive kn[e]w when the 30-day time period under MCL 500.3107d(6) started to run. Additionally, Co-Defendant Progressive's log

---

[3] Tubbs is not a party to this appeal.

-2-

notes indicate Plaintiff is "still eligible for work loss" through Co-Defendant Progressive.

Alternatively, defendant requested dismissal from the action under MCR 2.116(I)(2), asserting that if plaintiff failed to obtain new qualified health or PIP coverage within 30 days of losing her qualified health coverage, and the accident occurred outside of that 30-day period, she was ineligible for PIP benefits from the MAIPF under MCL 500.3107d(6).

After a hearing at which Progressive's counsel indicated plaintiff lost her qualified health coverage in November 2020, and plaintiff's counsel argued defendant could not be dismissed from the case as the insurer of last resort under MCL 500.3114(1), the court delayed deciding defendant's request for summary disposition, but granted Progressive summary disposition and dismissed all claims against Progressive with no explanation. Plaintiff then responded to defendant's request for summary disposition, asserting that defendant's reliance on MCR 2.116(I)(2) was procedurally incorrect, and that MCL 500.3107d(6) did not preclude her entitlement to PIP benefits because the statute "does not address what happens if the accident occurs outside the 30-day period, which is the case here." Plaintiff also reiterated her argument that because the court granted Progressive summary disposition, defendant was the next priority insurer under MCL 500.3114. At the close of the January 25, 2023 motion hearing, the trial court found a genuine issue of material fact, and denied defendant's motion for summary disposition, embodying the ruling in a subsequent order.

Defendant moved for reconsideration of that order, asserting, in part, the lack of a factual dispute that plaintiff lost her qualified health coverage, and failed to obtain new coverage, more than 30 days before the accident, precluding her entitlement to no-fault benefits from the MAIPF under MCL 500.3107d. Defendant also moved for relief from the court's order granting Progressive's summary-disposition motion. Defendant asserted again that plaintiff was still eligible for replacement services and wage loss benefits through Progressive, and added that, alternatively, plaintiff ineffectively opted out of PIP benefits from Progressive. Thus, defendant argued, the court committed palpable error when it dismissed all claims against Progressive. The court denied both motions, finding that the motion for reconsideration raised issues previously considered by the court, and that defendant lacked standing to move for relief because it was not a party to Progressive's summary-disposition motion.

## II. SUMMARY DISPOSITION - MAIPF

Defendant first argues that the trial court erred in denying its request for summary disposition and dismissal from the action because plaintiff is ineligible for PIP benefits from the MAIPF under MCL 500.3107d(6).

## A. STANDARDS OF REVIEW

Defendant requested summary disposition under MCR 2.116(I)(2)[4] in response to Progressive's motion for summary disposition under MCR 2.116(C)(10).

> Appellate courts review de novo a trial court's decision on a motion for summary disposition. *Bernardoni v Saginaw*, 499 Mich 470, 472; 886 NW2d 109 (2006). "A motion for summary disposition made under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. Summary disposition under MCR 2.116(C)(10) is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "In deciding a motion under subrule (C)(10), the trial court views affidavits and other documentary evidence in the light most favorable to the nonmoving party." *Chandler v Dowell Schlumberger Inc*, 456 Mich 395, 397; 572 NW2d 210 (1998). [*Lockport Twp v City of Three Rivers*, 319 Mich App 516, 519; 902 NW2d 430 (2017) (alteration in original).]

"We also review de novo a trial court's interpretation and application of a statute." *Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 457; 965 NW2d 232 (2020).

We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8; 840 NW2d 401 (2013). A trial court abuses its discretion when its decision falls outside the range of principled outcomes, or when it "premises its exercise of discretion on an error of law." *Int'l Outdoor, Inc v SS Mitx, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359082); slip op at 3-4.

## B. ANALYSIS

"The goal of the no-fault insurance system was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Shavers v Kelley*, 402 Mich 554, 578-579; 267 NW2d 72 (1978). This includes PIP benefits. "A person injured in an accident arising from the ownership, operation, or maintenance of a motor vehicle as a motor vehicle is immediately entitled to PIP benefits without the need to prove fault. See MCL 500.3105(2); MCL 500.3107." *Garrett v Washington*, 314 Mich App 436, 444; 886 NW2d 762 (2016) (quotation marks and citation omitted). "The PIP benefits are designed to ensure that the injured person receives timely payment of benefits so that he or she may be properly cared for during recovery." *Id*. (quotation marks and citation omitted). PIP benefits are payable for allowable expenses "consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a).

---

[4] "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

In 2019, the Legislature made significant changes to the no-fault act "in an effort to control the cost of automobile insurance," *Andary v USAA Casualty Inc Co*, 512 Mich 207, 214-215, 218; 1 NW3d 186 (2023), including allowing insurance applicants to opt out of PIP benefits from an insurer under certain conditions, MCL 500.3107d(1). Under MCL 500.3107d(1):

> For an insurance policy that provides the security required under section 3101(1) and is issued or renewed after July 1, 2020, the applicant or named insured may, in a way required under section 3017e and on a form approved by the director, elect to not maintain coverage for personal protection insurance benefits payable under section 3107(1)(a) if the applicant or named insured is a qualified person, and if the applicant's or named insured's spouse and any relative of either that resides in the same household have qualified health coverage or have coverage for benefits payable under section 3107(1)(a) from an insurer that provides the security required by section 3101(1).

Qualified health coverage includes coverage under Medicare Parts A and B. MCL 500.3107d(7)(b)(*ii*).

> If, during the term of an insurance policy under which coverage for personal protection insurance benefits payable under section 3107(1)(a) are not maintained under this section, the persons required to have qualified health coverage under subsection (1) cease to have qualified health coverage, all of the following apply under this subsection:
>
> (a) Within 30 days after the effective date of the termination of qualified health coverage, the named insured shall obtain insurance that includes coverage under section 3107(1)(a).
>
> (b) An insurer that issues policies that provide the security required by section 3101(1) shall not refuse to prospectively insure, limit coverage available to, charge a reinstatement fee to, or increase the insurance premiums for a person who is an eligible person, as that term is defined in section 2103, solely because the person previously failed to obtain insurance that provides coverage for benefits under section 3107(1)(a) in the time required under subdivision (a).
>
> (c) If the applicant or named insured does not obtain insurance as required under subdivision (a) and a person to whom the election under this section applies as described in subsection (5) suffers accidental bodily injury arising from a motor vehicle accident within the 30-day period, unless the injured person is entitled to coverage under some other policy, the injured person is not entitled to be paid personal protection insurance benefits under section 3107(1)(a) for the injury but is entitled to claim benefits under the assigned claims plan. [MCL 500.3107d(6).]

For context, the MAIPF maintains the Michigan Assigned Claims Plan (MACP). *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 775 n 2; 910 NW2d 666 (2017), citing MCL 500.3171(2) ("The Michigan automobile insurance placement facility shall adopt and maintain an assigned claims plan.").

[T]he MACP is a benefit to persons injured in motor vehicle accidents who otherwise do not have applicable insurance benefits. It imposes, by statute, the obligation of providing no-fault benefits to persons injured in motor vehicle accidents if an applicable no-fault policy cannot be identified, MCL 500.3172(1), on all no-fault insurers licensed to do business in Michigan. In other words, the MACP obliges them to function as insurers of last resort even as to some injured persons with whom the insurer does not have an existing insurance relationship, making "insurance companies . . . the instruments through which the Legislature carries out a scheme of general welfare." [*Bronner v Detroit*, 507 Mich 158, 174-175; 968 NW2d 310 (2021) (citation omitted).]

There is no dispute that plaintiff's accident occurred more than 30 days after she lost her qualified health coverage in October or November 2020. Rather, plaintiff asserts that despite this fact, MCL 500.3107d(6) does not apply to preclude her eligibility for PIP benefits from defendant. Thus, on a question of the applicability of a statute to an undisputed set of facts, the trial court should have decided defendant's request for summary disposition as a matter of law by examining the meaning of MCL 500.3107d(6), as opposed to finding a genuine issue of material fact.

"If a statute's language is clear and unambiguous, it is presumed that the Legislature intended that its plain meaning be enforced as written." *Univ Neurosurgical Assoc, PC v Auto Club Ins Ass'n*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364322); slip op at 3. Under such circumstances, "judicial construction is neither necessary nor permitted." *Id*.

Defendant argues that MCL 500.3107d(6) is clear and unambiguous—plaintiff had 30 days after she lost her qualified health coverage to either obtain new coverage or change her insurance plan to include PIP coverage, and if she failed to do so, she was not entitled to PIP benefits from any entity, including defendant. We agree.[5]

The language of MCL 500.3107d(6) clearly and unambiguously provides that an individual who opts out of PIP coverage because of qualified healthcare coverage, and who loses that coverage, must obtain new coverage (either qualified health or PIP) within 30 days. Should they fail to do so, they are only eligible for PIP benefits from the MACP for injuries from an accident occurring during that 30-day period. MCL 500.3107d(6). We see no other valid interpretation.

Plaintiff argues that

MCL 500.3107d(6) is not applicable here. This subsection that Defendant-Appellant MAIPF relies on only applies when an injured person is involved in a motor vehicle accident **within a 30-day period**, then the assigned claims plan will cover the injured party. However, because the motor vehicle accident occurred **<u>outside of the 30-day window</u>**, this statute that Defendant-Appellant MAIPF relies on is simply not applicable.

---

[5] We note that if plaintiff ineffectively opted out of PIP benefits from Progressive, our analysis here may be different, but because of our resolution of this issue, we need not resolve that issue.

In so doing, she argues that the MAIPF and MACP are always insurers of last resort under MCL 500.3114(6), which states:

> If an applicable insurance policy in an order of priority under subsection (5) is a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3017d, or as to which an exclusion under section 3109(2) applies, the injured person shall claim benefits only under other policies, subject to subsection (7), in the same order of priority for which no such election has been made. If there are no other policies for which no such election has been made, the injured person shall claim benefits under the next order of priority or, if there is not a next order of priority, under the assigned claims plan under sections 3171 to 3175.

But MCL 500.3114(6) references subsection (5), which lists the order of priority for insurers when a person is injured as the operator or passenger of a *motorcycle*, MCL 500.3114(5). And this ignores MCL 500.3114(4), which reads:

> Except as provided in subsections (2) and (3), a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in subsection (1) shall claim personal protection insurance benefits under the assigned claims plan under sections 3171 to 3175. *This subsection does not apply to a person insured under a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d or as to which an exclusion under section 3109(2) applies, or who is not entitled to be paid personal protection benefits under section 3107d(6)(c) or 3109a(2)(d)(ii)*. [Emphasis added.]

Further, while judicial construction is not permitted because MCL 500.3107d(6) is clear and unambiguous, *Univ Neurosurgical Assoc, PC*, ___ Mich App at ___; slip op at 3, it bears noting that our reading of the statute appears consistent with the purpose of the 2019 amendments to the no-fault act—to control the cost of automobile insurance in Michigan, *Andary*, 512 Mich at 214-215, as well as with MCL 500.3109a, which allows for reduced premiums where an individual chooses a PIP benefit limit of $250,000 and provides, in pertinent part:

> (2) For an insurance policy issued or renewed after July 1, 2020, the insurer shall offer to an applicant or named insured that selects a personal protection benefit limit under section 3107c(1)(b) an exclusion related to qualified health coverage. All of the following apply to that exclusion:
>
> (a) If the named insured has qualified health coverage as defined in section 3107d(7)(b)(*i*) that will cover injuries that occur as the result of a motor vehicle accident and if the named insured's spouse and any relatives of either the named insured or the spouse domiciled in the same household have qualified health coverage that will cover injuries that occur as the result of a motor vehicle accident, the premium for the personal protection insurance benefits payable under section 3107(1)(a) under the policy must be reduced by 100%.

* * *

(c) Subject to subdivision (d), a person subject to an exclusion under this subsection is not eligible for personal protection benefits under the insurance policy.

(d) If a person subject to an exclusion under this subsection is no longer covered by the qualified health coverage, the named insured shall notify the insurer that the named insured or resident relative is no longer eligible for an exclusion. All of the following apply under this subdivision:

(*i*) The named insured shall, within 30 days after the effective date of the termination of the qualified health coverage, obtain insurance that provides the security required under section 3101(1) that includes coverage that was excluded under this subsection.

(*ii*) During the period described in subparagraph (*i*), if any person excluded suffers accidental bodily injury arising from a motor vehicle accident, the person is entitled to claim benefits under the assigned claims plan.

(e) If the named insured does not obtain insurance that provides the security required under section 3101(1) that includes the coverage excluded under this subsection during the period described in subdivision (d)(*i*) and the named insured or any person excluded under the policy suffers accidental bodily injury arising from a motor vehicle accident, unless the injured person is entitled to coverage under some other policy, the injured person is not entitled to be paid personal protection insurance benefits under section 3107(1)(a) for the injury that occurred during the period in which coverage under this section was excluded. [MCL 500.3109a(2).]

Accordingly, the trial court abused its discretion when it denied defendant's motion for reconsideration, because defendant was entitled to summary disposition of plaintiff's claim for PIP benefits as a matter of law.

We reverse the trial court's order denying defendant's motion for summary disposition and remand for entry of an order granting that motion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray