*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BETSY JIMENEZ,

        Plaintiff-Appellee,

v

CITY OF LINCOLN PARK,

        Defendant-Appellant.

UNPUBLISHED
January 25, 2024

No. 364713
Wayne Circuit Court
LC No. 21-004140-NO

Before: CAVANAGH, P.J., and RICK and PATEL, JJ.

PER CURIAM.

In this action for damages caused by an allegedly defective sidewalk, Defendant, City of Lincoln Park (the city), appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7), (8) and (10). The trial court denied defendant's motion because it found that there were special aspects that made the uneven sidewalk unusual and the risk of harm unreasonable and thus it concluded that "the open and obvious danger doctrine does not apply." The court further held that there was a question of fact whether defendant had constructive notice of the uneven sidewalk.

After the trial court denied defendant's motion, our Supreme Court issued *Kandil-Elsayed v F & E Oil, Inc*, __ Mich __, __; __ NW2d __ (2023) (Docket Nos. 162907, 163430), which reversed two aspects of *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001):

> First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty. Rather, we hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault. Second, we overrule the special-aspects doctrine and hold that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care. [*Kandil-Elsayed*, __ Mich at __, slip op at 2.]

Because the legal framework has been significantly altered, we vacate the trial court's holding that the open and obvious doctrine does not apply and remand for reconsideration in light of our

-1-

Supreme Court's decision in *Kandil-Elsayed*.  But we affirm the trial court's finding that there is a question of fact whether defendant had constructive notice of the sidewalk defect.

## I.  BACKGROUND

In May 2020, plaintiff, Betsy Jimenez, was walking with her mother around a neighborhood in Lincoln Park at approximately 10:30 p.m. when her foot struck an uneven sidewalk slab, causing her to fall and sustain serious injuries necessitating surgical repair.  Jimenez had never walked on the subject sidewalk before the incident.  She maintains that she could not see the uneven sidewalk before she fell because it was "pitch black dark" and there were no lights nearby.  Jimenez acknowledged that there was a street light in the immediate area, but stated that it was either not on or, if it was on, the light was blocked by leaves.  She stated that she was looking straight ahead, not at the ground, when her foot struck the elevated sidewalk slab.  Jimenez's mother confirmed that it was "quite dark" at the time of the incident and maintained that she could not see the uneven sidewalk before her daughter fell.  She stated that the two streetlights in the area were not on.  After Jimenez fell, her mother observed the uneven sidewalk.  Jimenez later returned to the scene to photograph and measure the uneven sidewalk.  She testified that the vertical discontinuity between the two slabs was approximately four inches, and the city's sidewalk inspector, Khaled Shwekat, confirmed the four-inch discontinuity with his own measurements.

The city's annual sidewalk inspection program began in 2017.  Under that program, any defect exceeding ¾ inch is considered a trip hazard and the defect must be fixed.  Both Shwekat and the city's manager testified that the subject sidewalk was not safe and it was a trip hazard.  But because the subject sidewalk was located in an area that had not yet been inspected at the time of Jimenez's fall, and no one had complained about the subject sidewalk, the city maintains it did not have notice of the defect before the incident.  After the incident, Jimenez notified the city of the sidewalk defect and her injuries.  The city subsequently repaired the sidewalk.

Jimenez filed a complaint against the city under the sidewalk exception to the governmental tort liability act (GTLA), MCL 691.1401, *et. seq*.  Jimenez alleged that the city breached its statutory duty under MCL 691.1402a to maintain the sidewalk in reasonable repair "[d]espite having actual and/or constructive knowledge of the defect . . . .  Following discovery, the city filed a motion for summary disposition under MCR 2.116(C)(7), (8), and (10), arguing that (1) the danger posed by the approximate four-inch discontinuity between the sidewalk slabs was open and obvious[1] and (2) the city did not have actual or constructive notice of the sidewalk defect prior to the subject incident.[2]  Jimenez responded that there was a question of fact whether the vertical discontinuity was open and obvious because the hazard was not identifiable due to the lack of light.

---

[1] The city conceded "that the vertical discontinuity between the flags was approximately four inches high on the date of the incident . . . ."

[2] The city also argued that Jimenez's claim sounded exclusively in premises liability because her injuries arose from an allegedly dangerous condition on the land and thus Jimenez failed to state a claim for ordinary negligence as a matter of law.  The trial court noted that "courts are not bound by the labels that parties attach to their claims" and held that Jimenez's "claim sounds in premises liability."  This argument is not at issue on appeal.

-2-

She further argued that a trier of fact could reasonably infer that the city, in the exercise of reasonable diligence, should have discovered and repaired the defect, which photographic evidence from Google Earth established existed for well over a decade before the incident. Jimenez also relied on a report from Joellen Gill, an engineer and a certified human factors and safety professional. Gill opined that the sidewalk discontinuity, which was the same height as a step, violated safety guidelines and would not have been detected in low illumination.

Following argument on the motion, the trial court denied the city's motion. The trial court found that "the 4-inch sidewalk flag which is the same height as a step is a special aspect that makes the risk of harm unreasonable." Relying on evidence that "it was dark outside, the sidewalk was the same height as a step which Plaintiff expected to be flat, and Plaintiff was looking ahead[,]" the trial court concluded that "the open and obvious doctrine does not apply." The court further held that "[t]his unusual condition of the sidewalk along with the photo evidence that the uneven sidewalk flag was possibly there for years is enough to create a question of fact regarding notice." This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The city argues that the trial court erred by denying its motion for summary disposition. "We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We also review de novo questions of government immunity. *Petersen Fin LLC v Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018).

Summary disposition under MCR 2.116(C)(7) is proper when a claim is barred because of immunity granted under the law. *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). We consider all documentary evidence in a light most favorable to the nonmoving party under MCR 2.116(C)(7). *Id*. "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. (cleaned up). "But when a relevant factual dispute does exist, summary disposition is not appropriate." *Id*.

When reviewing a motion for summary disposition under MCR 2.116(C)(10), we must consider the evidence submitted by the parties in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. If there is a genuine issue of material fact, dismissal is inappropriate. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up). But we are "not permitted to assess credibility, or to determine facts" in analyzing whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "Instead, the court's task is to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue of any material fact exists to warrant a trial." *Id*.

### B. PRINCIPLES OF LAW

The GTLA grants a governmental agency immunity from tort liability if the agency was engaged in the exercise or discharge of a governmental function, subject to certain enumerated

exceptions. MCL 691.1407(1); *Bernardoni v City of Saginaw*, 499 Mich 470, 473; 886 NW2d 109 (2016). One such exception is the "highway exception" under MCL 691.1402, which provides that a plaintiff may recover damages "resulting from a municipality's failure to keep highways— including sidewalks—in reasonable repair and in a condition reasonably safe and fit for travel." *Bernardoni*, 499 Mich at 473 (cleaned up). A municipality has a duty to "maintain [a] sidewalk in reasonable repair." MCL 691.1402a(1). And it can be held liable for breaching that duty if the plaintiff "proves that at least 30 days before the occurrence . . . the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk." MCL 691.1402a(2). A municipality is "presumed to have maintained the sidewalk in reasonable repair." MCL 691.1402a(3). But that statutory presumption may be rebutted if the plaintiff shows that a proximate cause of the injury was one or both of the following:

> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

> (b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity. [MCL 691.1402a(3).]

The GTLA provides that municipalities may assert "any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious. MCL 691.1402a(5).

## C. OPEN AND OBVIOUS

In this case, it is undisputed that the city had a duty under MCL 691.1402a(3)(a) to maintain its sidewalks in such a condition that a "vertical discontinuity defect of 2 inches or more" or a "dangerous condition" did not exist. It is further undisputed that the vertical discontinuity that caused Jimenez's injury was greater than four inches. But the city asserts that its duty does not extend to an open and obvious condition such as the uneven sidewalk in this case.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). This test is an objective one that requires an inquiry of "the objective nature of the condition of the premises at issue." *Id.* Michigan's "caselaw has been mired in ambiguities" as to whether the open and obvious danger doctrine is part of the analysis of the scope of a possessor's duty or whether it is part of the determination of a possessor's breach of duty. *Kandil-Elsayed*, __ Mich at __ n 6; slip op at 21 n 6. Aiming to set those ambiguities straight, our Supreme Court recently concluded that *Lugo* was wrongly decided. *Id.* at __; slip op at 2. Rather than an aspect of duty, the *Kandil-Elsayed* Court held that "the open and obvious nature of a condition is relevant to breach and the parties' comparative fault." *Id.* at __; slip op at 2. It is a factor for the jury to decide when determining "whether reasonable care was employed." *Id.* at__; slip op at 41. "As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee." *Id.* at __; slip op at 44.

The *Kandil-Elsayed* Court also expressly overruled the special-aspects doctrine, explaining that "when a land possessor should anticipate the harm that results from an open and obvious

condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Id*. at __; slip op at 2. The Court further instructed that, "[r]ather than conduct a narrow analysis of whether an obvious danger is 'effectively unavoidable' or poses an 'unreasonable risk of severe harm,' the fact-finder should consider whether 'the possessor should anticipate the harm despite such . . . obviousness.' *Id*. at __; slip op at 43, quoting 2 Restatement Torts, 2d, § 343A, p 218.

The Court summarized its holding as follows:

> [A] land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. . . . As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at __; slip op at 43-44 (cleaned up).]

In this case, the trial court denied defendant's motion for summary disposition because it found that the four-inch height discontinuity between the sidewalk slabs was a special aspect that made the risk of harm unreasonable and thus the open and obvious doctrine did not apply. The trial court applied the now-overruled framework set forth by *Lugo* and its progeny to hold that the city owed Jimenez a duty of care. But under *Kandil-Elsayed*, whether the height differential was open and obvious is relevant to the issues of breach and comparative fault, not the determination of duty. See *id*. at __; slip op at 43-44. And the *Kandil-Elsayed* Court expressly overruled the special-aspects doctrine that the trial court relied on in denying the city's motion for summary disposition. *Id*. at __; slip op at 2. Because the legal framework has been significantly altered, we vacate the trial court's holding that the open and obvious doctrine does not apply and remand for further proceedings to apply the principles announced in *Kandil-Elsayed* to the facts in this case. The parties should be afforded an opportunity to brief any issues resulting from the changes to the legal framework occasioned by *Kandil-Elsayed*.

## B. CONSTRUCTIVE NOTICE

The city also argues that the trial court erred in holding that there is a genuine issue of material fact whether the city had constructive notice of the uneven sidewalk more than 30 days before Jimenez fell. We disagree.

"A defendant is 'conclusively presumed' to have knowledge of the defect 'when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.' " *Bernardoni*, 499 Mich at 474, quoting MCL 691.1403. "Generally, the question of whether a street defect . . . has existed a sufficient length of time and under such circumstances that the municipality is deemed to have notice is a question of fact, and not a question of law." *Bernardoni*, 499 Mich at 474 (cleaned up).

In this case, the city argued that it exercised reasonable diligence through its annual sidewalk inspection program, but did not have knowledge of the subject defect because, at the time of Jimenez's fall, the city's sidewalk inspector had not yet reached the area where the subject sidewalk is located.  The city further asserted that no one had ever complained about the condition of the subject sidewalk.  The city's arguments focused solely on whether it had actual notice of the defect.  In response to the city's motion, Jimenez provided two images of the subject sidewalk from Google Earth.  The first image is from October 2013 and the second is from August 2018.  Both images clearly depict that the subject sidewalk has a vertical discontinuity.  The city did not address the photographic evidence in its reply brief.  Thereafter, Jimenez filed a supplemental response that incorporated Gill's report, which also included two images of the subject sidewalk from Google Earth—one from August 2007 and one from August 2019.  The city was afforded an opportunity to file a supplemental reply, but elected not to file one.  And the city did not raise any arguments about the photographic evidence during oral argument before the trial court.  Instead, the city maintained "the plaintiff has to come forward with affirmative evidence, showing that the city had actual knowledge of the alleged defective condition."

On appeal, the city contends, for the first time, that the photographs in Gill's report were of poor quality, but the city does not address the photographs that were embedded in Jimenez's brief in response to the city's motion for summary disposition.  The images in Gill's report are, admittedly, less clear than the images that were incorporated in Jimenez's response brief.  Nevertheless, viewed in the light most favorable to Jimenez, the photographic evidence in Jimenez's response brief gives rise to a reasonable inference that the defect had been present since at least October 2013.  Accordingly, the trial court did not err in holding that there is a genuine issue of material fact as to whether the city had constructive notice of the sidewalk defect.

Vacated in part, affirmed in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michelle M. Rick
/s/ Sima G. Patel